Monell, J.
I have no doubt that, in an action by one partner against his co-partner for a dissolution of the partnership, it is proper to make the fraudulent vendee of the partnership property a party to the action. Hor is there any doubt that such sale, may, in such action, be adjudged fraudulent and void, and the vendee be made to account for it, or its value.
Fraud is peculiarly cognizable by courts of equity, and they will always seize upon it in appropriate cases to prevent wrong or injury. The objection, that it is multifariousness in pleading, to unite two causes of action, is not sound. If the partnership property has been conveyed in fraud of the partnership rights, the vendee, if a party to the fraud, must account for the property ; and he can only do so in the action between the partners. One partner cannot, at law, sue to recover partnership property which has been fraudulently sold by one of the partners. Resort, in such a case, must be had to equity.
This question was substantially decided in the late court of chancery, by the late Vice Chancellor Sandford, ([Hayes v. Heyer, 4 Sandf. Ch. 485,) where an amendment of the complaint was applied for, making the assignee of a part of the partnership property a party, for the purpose of having.such property applied towards the payment of the partnership debts, and the amendment was allowed. And in this court an order of arrest was refused where it was sought to arrest one partner at the suit of the other, for a fraudulent removal of the property, Dueb, J. saying that the remedy was by a suit for an injunction and receiver. And Oollyer (ora Partnership) says, *626 (§ 643,) “ the defrauded partner may perhaps have a remedy in equity hy suit in his own name, against his partner and the person with whom the fraud was committed.”
I am satisfied, in this case, that the injunction should be continued, and that a receiver should be appointed. The denial of the defendant O’Kane is not sufficient to overcome the facts sworn to by the plaintiff, which gave rise to a ■ well grounded suspicion that he was a party to a fraudulent transfer of the property.
The motion to continue the injunction, and for a receiver, must be granted.